**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EARL S. GORDON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 02-1543 (JR) |
| | : |
| SIBLEY MEMORIAL HOSPITAL, *et al.*, | : |
| | : |
| Defendants. | : |

### MEMORANDUM

Plaintiff was ordered on June 7, 2005, to show cause why the Court of Appeals' disposition of his appeal in <u>Gordon v. Pavot and Greater Southeast Community Hospital</u>, No. 01-1934, is not also dispositive of his claims here.  In the earlier case, the Court of Appeals found (in an unpublished order in No. 03-7182, D.C. Cir., issued on January 4, 2005) that "[t]he district court properly granted summary judgment on appellant's claims of medical malpractice and lack of informed consent because those claims were not supported by expert testimony, which was required to establish the elements of his case."  Plaintiff filed a response to the order to show cause on September 29, 2005, spinning out a long and disconnected conspiracy theory about Sibley Memorial Hospital and many doctors, lawyers, insurance companies, government agencies, and courts.  His claims in the instant case are impossible to summarize, but in one way or another (except for the assertions he now makes that the

defendants conspired to torture and then murder his mother in retaliation for his exercise of his right to sue, see Dkt. 12-1 at 7-4), the case is all about his penis and about his claim of medical malpractice.  This is clearly established by his amended complaint, filed September 16, 2002, in which he seeks to add as a defendant the same Dr. Pavot he had sued in No. 01-1934, calling him one of the "chief conspirators" in his complex theory because he was the one who "applied one hundred milliamperes of electrical current to the penis of the Plaintiff," Dkt # 5 at p. 22, and in which he concedes that his claims in No. 01-1934 are "part of the same sequence of events that brought to birth this present suit."  Plaintiff's response to the order to show cause neither presents nor proffers any expert testimony.

When plaintiff filed this suit, he named (and was issued summons for) forty-two defendants.  Their names, copied from the docket, are in the margin.[1]  I stayed proceedings in

---

[1] John Archer; Art Miller & Associates; Paul Barnett; Michael E. Batipps; Alan Belzburg; Beta Reporting; Arthur Burnett; Joel Cherry; Pamela Coleman; Crowely, Hoge & Fien; District Of Columbia Department Of Health; District Of Columbia Office Of Human Rights; Feder Reporting Company; Jim Granger; Frederick B. Hendricks; Christopher Hoge; A. Palmer Ifill; John Hopkins Hospital; Ayanna D.A. Kambui; Richard Kidwell; Maryland Department Of Health; E. Miller; National Capital Reciprocal Insurance Company; J. Oberin; Ronald Peterson; Silva Rodriguez; John T. Rooney; Steve Seitzman; Sheila Sheth; Wallace E. Shipp, Jr.; Sibley Memorial Hospital; Staff Of The Honorable A. Frankklin Burgrss, Jr.; State Of Maryland Commission On Human Rights; Ray Stutzman; Superior Court Of The District Of Columbia; Herbert A. Thaler, Jr.; The Office Of The Bar Counsel Of The District; Ursula Wesselman; Elias Zerhouni, U.S. Attorney and

this case <u>sua sponte</u> rather than allow service to be made upon forty-two defendants in a case that appeared to be -- more than appeared to be, was obviously -- abusive.  Upon mature consideration of all the premises, including especially the Court of Appeals' ruling mentioned above and the rambling, scandalous and frankly delusional nature of plaintiff's response to the recent order to show cause, I believe that this case should now be summarily disposed of.  The complaint fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  That is reason enough for the accompanying order, also issued <u>sua sponte</u>, dismissing the complaint.

                                                JAMES ROBERTSON
                                    United States District Judge

---

U.S. Attorney General.